THE ATLANTA STOVE WORKS, INC. v. R. V. KEEL AND WIFE, BERTHA C. KEEL, AND ROBERT ELKS AND WIFE, JESSIE B. ELKS, FORMERLY DOING BUSINESS AS FRIENDLY FURNITURE COMPANY.

(Filed 27 September, 1961.)

**Partnership § 4—**

Where a person denies liability on a partnership debt on the ground that he was a limited partner, but offers no evidence that he signed and swore to the certificate required by G.S. 59-2, or that the requisite certificate was filed for record in the office of the clerk of Superior Court, the court properly gives peremptory instructions on the issue of a general partnership, there being no evidence of an actual or substantial compliance with the statute.

APPEAL by defendants from *Cowper, J.,* at February-March 1961 Term of PITT.

Civil action to recover the unpaid balance of a partnership debt.

In January, 1949, the defendants attempted to form a limited partnership to conduct a retail furniture business under the name of Friendly Furniture Company. Defendants did not sign and swear to a certificate stating the name of the partnership, character of the business, etc., nor was such certificate filed for record in the office of the Clerk of the Superior Court. In January, 1959, defendants attempted to extend the partnership for an additional ten years, which extension agreement was neither sworn to nor recorded. The name of defendant R. V. Keel, with his knowledge, appeared on various advertising media of the partnership and was used in connection with various business transactions of the partnership. A receiver was appointed for Friendly Furniture Company on 23 February, 1960, at which time said company was indebted to plaintiff in the sum of $567.62. The receiver paid the sum of $194.67 on said indebtedness,

leaving an unpaid balance of $372.95, for which this action was instituted against the named defendants as co-partners.

Judgment by default was taken against defendants Elks and wife. Defendants Keel and wife filed answer in which each denied being a general partner in the business and denied any liability to plaintiff.

Upon conclusion of all the evidence, the court gave peremptory instructions in favor of plaintiff on the issues as to whether or not defendants Keel and wife were general partners in Friendly Furniture Company. The jury found defendants indebted to plaintiff in the sum of $372.95, and from judgment on the verdict defendants Keel and wife appeal to Supreme Court, and assign error.

*Lewis G. Cooper for plaintiff appellee.*
*L. W. Gaylord, Jr., M. E. Cavendish for defendants appellants.*

PER CURIAM. The evidence fails to show either actual or substantial compliance by defendants with the provisions of G.S. 59-2 pertaining to formation of a limited partnership which would relieve them of liability as general partners in the partnership in question. Thus the trial court was correct in giving the jury peremptory instructions on the issues of general partnership. Furthermore, all of defendants' contentions have been given consideration, and no error is made to appear.

No error.